983 F.2d 1073
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Thomas R. STIMAC, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-3158.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 10, 1992.*
Decided Dec. 23, 1992.
 
 Before COFFEY and EASTERBROOK, Circuit Judges, and WOOD, JR., Senior Circuit Judge.
 
 Order
 
 1
 Undeterred by an injunction, Thomas Stimac has continued litigating the validity of a conviction in 1982, affirmed by this court, 740 F.2d 1417 (1984), the sentence for which has been fully served. Stimac filed so many suits related to this conviction that in 1990 we issued an injunction forbidding additional litigation without leave of court, which was to be granted only on certification that the claims were new. Stimac v. Department of Justice, No. 88-2655 (7th Cir. Nov. 2, 1990). Last year we delivered a final shot across the bow: "This is the last time that Stimac will have the benefit of our opinion on this matter. The injunction will henceforth be scrupulously enforced and sanctions may be imposed if the same issues are raised again." Stimac v. United States, No. 88-2720 (7th Cir. Apr. 3, 1991).
 
 
 2
 Stimac commenced the current case, his eighth petition for collateral relief, three weeks after we entered our injunction. The district judge struck the papers on account of failure to comply with the injunction. Stimac re-filed, certifying that one of his claims is new but not obtaining leave of the district court to file or including the district judge's certificate with his other papers, although our injunction requires both steps. Stimac filed his papers with the caption "Motion for a New Trial Pursuant to Rule 59, F.R.Civ.P.", which is absurd given the lapse of time (Rule 59 motions must be served within 10 days of the judgment) and the fact that he is attacking a criminal rather than a civil judgment. But it had the desired effect: the clerk accepted the papers without a certificate from a judge granting leave to file. A magistrate judge wrote that Stimac's papers "technically fail[ ] to comply with the Seventh Circuit's order"--the "technical" failing apparently being the absence of steps our order unequivocally demands. Nonetheless the magistrate judge proceeded to make a recommendation on the merits, which the district judge approved without mentioning our order.
 
 
 3
 Stimac's notice of appeal, filed 34 days after the judgment, is timely because a collateral attack on a criminal conviction is a civil case, United States v. Hayman, 342 U.S. 205, 209 n. 4 (1952), to which a 60-day limit applies when the United States is a party. Fed.R.App.P. 4(a).
 
 
 4
 Just as we expect Stimac to obey our injunction, we expect the assistance of the district court in enforcing it. There has been no compliance with its terms, and disregard cannot be excused on the magistrate judge's stated ground that compliance would be a waste of time because Stimac could file another suit. Our orders will be enforced, not evaded or ignored. Stimac's pleadings are nullities, and we shall have nothing to say about their "merits"--of which, after one direct appeal and seven previous collateral attacks, there are none. See McClesky v. Zant, 111 S.Ct. 1454 (1991). The judgment of the district court is vacated, and the case is remanded with instructions to dismiss the petition for non-compliance with our injunction.
 
 
 5
 Our injunction required Stimac to certify, before filing any additional civil litigation, that he is presenting "new claims never before raised and disposed of on the merits by any federal court and that the claim is not frivolous. Upon failure to certify or upon false certification, petitioner may be held in contempt of court and punished accordingly." We expect the district court to enforce this provision rigorously in any future litigation Stimac chooses to file. Stimac must recognize, moreover, that because he is no longer in custody, any attempt to invoke 28 U.S.C. § 2255 is frivolous and will be dealt with accordingly.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record